**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY TALMADGE LIVINGSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER & LYFT,<br><br>    Defendants. | No. 24cv5839 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

*Pro se* Plaintiff Bradley Livingston brings this action[1] against Defendants Uber Technologies, Inc. ("Uber") and Lyft, Inc. ("Lyft") alleging wage theft, fraud, and discrimination. D.E. 1 ("Complaint" or "Compl."). The Clerk entered default as to Lyft on June 12, 2024. Lyft moves to vacate, D.E. 48 ("Default Motion"), and to compel arbitration. D.E. 59 ("Lyft Motion"). Uber also moves to compel arbitration. D.E. 39 ("Uber Motion"). Plaintiff opposes and cross-moves for recusal. D.E. 44 ("Uber Opp'n" or "Cross-Motion for Recusal"). Plaintiff now consents to arbitration. D.E. 63. The Court has reviewed the parties' submissions and decides the motions without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons below, the Court will **DENY** Plaintiff's Cross-Motion for Recusal, **GRANT** the Lyft Motion and the Uber Motion on consent, and **STAY** this action pending disposition of arbitration. The Court will also **DENY** *without prejudice* Lyft's Default Motion as **MOOT**.

---

[1] Although the parties do not dispute this Court's subject matter jurisdiction, the Court has an independent duty to examine it. *See N.J. Carpenters and the Trustees Thereof v. Trishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014). The Court is satisfied that is has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff is a resident of Maryland; Uber and Lyft are both California companies; and Plaintiff seeks more than $75,000 in damages. *See* Compl.

I.      PROCEDURAL HISTORY

Plaintiff appears to accuse Uber and Lyft of wage theft, fraud, and racial discrimination from September 2017 through September 2019.  Compl. at 3-4.  After Lyft failed to timely respond to the Complaint, Plaintiff requested a Clerk's Entry of Default against Lyft on June 8, 2024, D.E. 26, which the Clerk of Court entered on June 12, 2024.  Plaintiff moved for default judgment as to Lyft, D.E. 27, which the Court denied.  D.E. 35.  Counsel for Lyft subsequently entered an appearance in this matter on July 3, 2024.  D.E. 36.

Uber now moves to compel arbitration.  Uber Motion.  Plaintiff opposes and cross-moves for recusal.  Uber Opp'n.  Lyft also moves to vacate the Clerk's Entry of Default.  Default Motion.  Lyft also moves to compel arbitration.  Lyft Motion.  Plaintiff opposes.  D.E. 60.  However, on September 23, 2024, Plaintiff appeared to consent to arbitration.  D.E. 61.  The Court issued a text order seeking Plaintiff's clarification that he, in fact, meant to consent to arbitration.  D.E. 62.  Plaintiff filed a letter on September 25, 2024 confirming his consent.  D.E. 63.

II.     ANALYSIS

**A. The Court Will Deny Plaintiff's Cross-Motion for Recusal**

The extent of Plaintiff's Cross-Motion for Recusal is one sentence stating "I the plaintiff . . . cross-move for recusal[.]"  Uber Opp'n.  "A motion that 'contains no legal argument and is [ ] unaccompanied by a separate brief or statement that no brief necessary . . .  violates [Local Civil Rule] 7.1(d) and may be denied [on] that basis alone.'"  *Discovery Bank v. Greenwood House Home for the Jewish Aged*, No. 18-16020, 2020 WL 2839462, at *4 (D.N.J. May 29, 2020) (quoting *Roy v. Ramsey Moving Sys.*, No. 15-3330, 2016 WL 1163932, at *4 n.2 (D.N.J. Mar. 23, 2016)).  Plaintiff provides no basis or legal authority in support of his cross-motion and the Court is unaware of any.  The Court will accordingly **DENY** the Cross-Motion for Recusal.

2

## B. The Court Will Stay this Action Pending Disposition of Arbitration

Plaintiff consents to arbitration. D.E. 63. Accordingly, the Court will **GRANT** the Lyft Motion and Uber Motion *on consent* and **STAY** this action pending disposition of arbitration. Defendants shall initiate arbitration proceedings as set forth in their respective arbitration agreements. Accordingly, the Court will **DENY** *without prejudice* the Default Motion as **MOOT**.

## III. CONCLUSION AND ORDER

For the reasons above, it is

**ORDERED** that the Cross-Motion for Recusal, D.E. 44, is **DENIED**; and it is further

**ORDERED** that the Uber Motion, D.E. 39, and the Lyft Motion, D.E. 59, are **GRANTED** *on consent*, D.E. 63; and it is further

**ORDERED** that the Default Motion, D.E. 48, is **DENIED** *without prejudice* as **MOOT**; and it is further

**ORDERED** that the moving Defendants shall initiate arbitration proceedings as set forth in their respective arbitration agreements; and it is further

**ORDERED** that this matter is **STAYED** pending disposition of arbitration; and it is finally

**ORDERED** that the parties shall file a joint status update every 120 days from the entry of this Order.

Dated: September 30, 2024

_/s/ Evelyn Padin_
Evelyn Padin, U.S.D.J.